## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| NOVO NORDISK A/S AND NOVO NORDISK INC., <br><br> Plaintiffs, <br><br> v. <br><br> EKZOTIKA CORP D/B/A COSMETIC LASER PROFESSIONALS MED SPA, <br><br> Defendant. | Case No. _____ |

## COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE ADVERTISING, AND UNFAIR COMPETITION

Plaintiffs Novo Nordisk A/S ("NNAS") and Novo Nordisk Inc. ("NNI") (collectively, "Plaintiffs" or "Novo Nordisk"), by and through their attorneys, King & Spalding LLP, file their complaint against Ekzotika Corp d/b/a Cosmetic Laser Professionals Med Spa ("Defendant") for injunctive and other relief. Plaintiffs allege as follows, upon actual knowledge with respect to themselves and their own acts, and upon information and belief as to all other matters.

## INTRODUCTION

1. Novo Nordisk is a healthcare company with a 100-year history of innovation in developing medicines to treat serious chronic diseases like diabetes and obesity.

2. The development of semaglutide is an example of Novo Nordisk's commitment to innovation for people living with chronic diseases. Semaglutide is the foundational molecule which serves as the primary ingredient for Novo Nordisk's three prescription-only medicines approved by the Food and Drug Administration ("FDA"): Wegovy® (semaglutide) injection 2.4 mg, for chronic weight management, and Ozempic® (semaglutide) injection 0.5 mg, 1 mg, or 2 mg and Rybelsus® (semaglutide) tablets 7 mg or 14 mg, both for adults with type 2 diabetes.

3. Novo Nordisk is the only company in the U.S. with FDA-approved products containing semaglutide. Novo Nordisk is also the only company authorized to identify its products containing semaglutide using the trademarks Wegovy®, Ozempic®, and Rybelsus®. The FDA has not approved any generic versions of semaglutide.

4. This is an action brought pursuant to the Lanham Act, 15 U.S.C. §§ 1051 et seq., related state laws and the common law, arising out of Defendant's infringement of Plaintiffs' rights in their Wegovy® mark and Defendant's acts of false advertising and unfair competition.

### Novo Nordisk's FDA-Approved Semaglutide Product, Wegovy®, and Registered Trademark

5. Plaintiffs use the trademark "Wegovy" to identify and promote the FDA-approved drug, Wegovy®. Wegovy® is sold and marketed in the United States by NNAS's, indirect, wholly-owned subsidiary, NNI.

6. Wegovy® is indicated for chronic weight management in adults and children aged ≥12 years with obesity (BMI ≥30 for adults, BMI ≥ 95th percentile for age and sex for children), or some adults with excess weight (BMI ≥27) (overweight) with weight-related medical problems, along with a reduced calorie meal plan and increased physical activity.

7. Wegovy® has a unique safety and efficacy profile which is detailed in its product label.

8. Wegovy® is a prescription-only medicine that should only be prescribed in direct consultation with, and under the supervision of, a licensed healthcare professional.

9. Wegovy® has been extensively studied in clinical trials and is FDA-approved.

10. Novo Nordisk does not sell its FDA-approved semaglutide product, Wegovy®, to Defendant, for resale or redistribution.

11. Novo Nordisk first adopted and used the Wegovy® mark at least as early as 2021, and has used it continuously since that time. Novo Nordisk has extensively promoted, advertised and marketed its prescription-only medicine bearing the Wegovy® mark in many different channels, directed both to physicians and other health care professionals and to consumers.

12. As a result of its use of the Wegovy® mark, NNAS owns valuable common law rights in and to the Wegovy® mark.

**Defendant's Trademark Infringement and False Advertising
in Connection With its Sale to Patients of Unapproved Compounded Drugs**

13. Defendant markets and sells to patients compounded drug products that purport to contain semaglutide and that are not approved by the FDA ("Unapproved Compounded Drugs").

14. On information and belief, the Unapproved Compounded Drugs sold by Defendant are made by compounding pharmacies, which deliver them to Defendant for administration or dispensing to patients.

15. The FDA defines compounding as a "practice in which a licensed pharmacist, a licensed physician, or, in the case of an outsourcing facility, a person under the supervision of a licensed pharmacist, combines, mixes, or alters ingredients of a drug to create a medication tailored to the needs of an individual patient." See https://www.fda.gov/drugs/guidance-compliance-regulatory-information/human-drug-compounding.

16. According to the FDA, "[c]ompounded drugs are not FDA-approved. This means that FDA does not review these drugs to evaluate their safety, effectiveness, or quality before they reach patients."

17. The FDA has further stated that: "Compounded drugs . . . do not have the same safety, quality, and effectiveness assurances as approved drugs. Unnecessary use of compounded drugs unnecessarily exposes patients to potentially serious health risks. Because compounded

drugs are not FDA-approved, FDA does not verify their safety, effectiveness or quality before they are marketed."[1]

18.     On May 31, 2023, FDA issued guidance on "medications containing semaglutide marketed for Type 2 diabetes or weight loss," which provides that: (1) "compounded drugs are not FDA-approved, and the agency does not verify the safety or effectiveness of compounded drugs"; and (2) "FDA has received adverse event reports after patients used compounded semaglutide. Patients should not use a compounded drug if an approved drug is available to treat a patient. Patients and health care professionals should understand that the agency does not review compounded versions of these drugs for safety, effectiveness, or quality."

19.     Defendant uses Novo Nordisk's Wegovy® trademark to market and sell Unapproved Compounded Drugs purporting to contain "semaglutide" that are not Wegovy®. Defendant unlawfully uses Novo Nordisk's trademark to attract customers and generate revenues and profits, including by passing off as Wegovy® its own Unapproved Compounded Drugs purporting to contain "semaglutide."

20.     Defendant first started using Novo Nordisk's Wegovy® mark to advertise its Unapproved Compounded Drugs well after NNAS's first use and registration of its Wegovy® mark.

21.     Defendant also falsely advertises its Unapproved Compounded Drugs online by making statements that describe Wegovy®, but are false or misleading as to Defendant's Unapproved Compounded Drugs.

---

[1] Compounding and the FDA: Questions and Answers, https://www.fda.gov/drugs/human-drug-compounding/compounding-and-fda-questions-and-answers.

22. Defendant has made misleading statements in advertising and promotion that claims or implies that its Unapproved Compounded Drugs have been approved by FDA and/or have been subjected to clinical studies and trials.

23. Defendant continues to use the Wegovy® mark, including in advertising and promotion online, including the online platform Groupon, to its customers who, upon information and belief, are seeking to buy but are in fact not buying genuine Wegovy® products.

24. Defendant's prominent and misleading use of the Wegovy® mark is likely to cause consumers to falsely believe that they are actually purchasing genuine Wegovy® products, that Defendant is a source for Novo Nordisk's FDA-approved products, and/or that Defendant's services are provided, licensed, sponsored, authorized, or approved by Novo Nordisk.

25. Defendant's use of the Wegovy® mark is without the permission, consent or authorization of Novo Nordisk. Defendant has no right to use, and Defendant knows that it has no right to use, the Wegovy® mark in connection with Defendant's Unapproved Compounded Drugs or otherwise.

26. Novo Nordisk has no control over the nature, quality or efficacy of the products sold by Defendant, including the Unapproved Compounded Drugs.

## THE PARTIES

27. Plaintiff NNAS is a corporation organized and existing under the laws of the Kingdom of Denmark and has its principal place of business in Bagsværd, Denmark.

28. Plaintiff NNI is a Delaware corporation and has its principal place of business in Plainsboro, New Jersey.

29. NNI promotes, offers, and/or sells Novo Nordisk's Wegovy® products throughout the United States, including in this District. NNAS has granted to NNI exclusive rights to market, advertise, promote, offer for sale and sell Wegovy® products in the United States.

30.     Cosmetic Laser Professionals Med Spa ("CLP Med Spa") is a fictitious name entity registered in Florida with a registered business address at 9644 SW 72 Street, Miami, Florida 33173, in this judicial district.  CLP Med Spa operates at 8501 SW 134th Avenue, #212A, Miami, Florida 33183, in this judicial district.  CLP Med Spa sells and promotes Unapproved Compounded Drugs masquerading as Wegovy® and/or uses the Wegovy® mark in its advertising and promotion of Unapproved Compounded Drugs that are not Wegovy®.

31.     Defendant Ekzotika Corp is a Florida corporation with a business address at 8501 SW 124th Avenue, Suite #212A, Miami, Florida 33183, in this judicial district.  Defendant Ekzotika Corp is a fictitious name owner and principal of CLP Med Spa.  By and through CLP Med Spa, Defendant Ekzotika Corp sells and promotes Unapproved Compounded Drugs masquerading as Wegovy® and/or uses the Wegovy® mark in its advertising and promotion of Unapproved Compounded Drugs that are not Wegovy®.

## JURISDICTION AND VENUE

32.     The Court has subject matter jurisdiction over the Lanham Act causes of action pleaded herein pursuant to 35 U.S.C. § 1121 and 28 U.S.C. § 1338(a).  The Court has supplemental jurisdiction over the state and common law causes of action pleaded herein pursuant to 28 U.S.C. § 1338(b).

33.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant operates in this District, manufactures and/or sells its Unapproved Compounded Drugs in this District, and otherwise conducts business in this District.  Defendant is subject to personal jurisdiction in this District.

## NOVO NORDISK'S WEGOVY® TRADEMARK

34.     Plaintiff NNAS is the owner of (a) U.S. trademark registration number 6,585,492, issued on December 14, 2021, for the mark WEGOVY for pharmaceutical preparations, in

International Class 5.  A true and correct copy of Plaintiff's registration number 6,585,492 for the WEGOVY® mark is attached hereto as **Exhibit A**.

35. The Wegovy® trademark is inherently distinctive.

36. Novo Nordisk promotes and advertises its Wegovy® products through various channels, including on the websites wegovy.com and/or novonordisk-us.com, and to physicians and licensed healthcare professionals, among others.

37. As a result of Novo Nordisk's long use, promotion, and advertising of the Wegovy® trademark and products, the Wegovy® mark is exclusively associated with Plaintiffs, serves to identify genuine Novo Nordisk products, and is a valuable asset of Novo Nordisk.

38. As a result of Novo Nordisk's long use, promotion, and advertising of the Wegovy® trademark and products, the Wegovy® trademark is a well-known, strong and famous mark, and became famous prior to any of the acts of Defendant complained of herein.

**DEFENDANT'S INFRINGING USE OF THE WEGOVY® MARK**

39. Long after Novo Nordisk's first use of the Wegovy® mark at least as early as in 2021, long after NNAS's priority date of 2020 for the Wegovy® trademark, and long after NNAS secured federal registrations for the Wegovy® mark in 2021, Defendant started using the Wegovy® mark in commercial advertising and promotion to promote its Unapproved Compounded Drugs in a false and misleading way.  Examples of Defendant's trademark infringement and false advertising are attached hereto as **Exhibit B**.

40. Defendant promotes its Unapproved Compounded Drugs by placing offers on the Groupon online platform that read: "Groupon deal is for one week of Wegovy/Semaglutide for $30," and "Eligible Members Lose 30+ lbs without diet or exercise with Wegovy/Semaglutide." Throughout its Groupon offers, Defendant describes its Unapproved Compounded Drugs as

7

"Wegovy/Semaglutide." The image below is a true and correct representation of information on the website https://www.groupon.com/deals/clp-med-spa-20 as of the date of this Complaint.

**About This Deal**

Includes:

- Groupon deal is for one week of Wegovy/Semaglutide for $30, minimum 7 weeks required
- ligible Members Lose 30+ lbs without diet or exercise with Wegovy/Semaglutide. Individual results vary
- Price includes: FREE Consultation, Prescription Medication: Compounded Semaglutide, Recommended Healthy Eating Plan, Medication Supplies: Syringes and Alcohol Pads and FREE Shipping.
- FREE shipping Not valid for Alabama, Arkansas, California, Hawaii, Kansas, Michigan, Minnesota
- Full kit, instructions, video training, syringes included

**Groupon customers that continue their Semaglutide weight reduction program with CLP Med Spa:**

- Customers that extend their Wegovy/Semaglutide weight reduction plan past the duration of their initial Groupon will enjoy a discounted weekly charge of $110/week. (Reg. $165/wk)
- $65 consultation is required for each prescription/refill.
- Weekly dose prescriptions can vary depending on where you are on the program, paid directly to the merchant included in the discounted weekly charge of $110/wk.
- Over night shipping fees will apply: $20 for all states except Florida. Florida residences pay $10.
- Medication must be refrigerated between 36 °F to 46 °F (2 °C to 8 °C)

**About Wegovy/Semaglutide:**

- Indicated for anyone who wishes to lose weight. Semaglutide injection 2.5 mg is indicated as an adjunct to a reduced calorie diet and increased physical activity for chronic weight management in adults with an initial body mass index (BMI) of ≥30 kg/m2 (obesity) or ≥27 kg/m2 (overweight) in the presence of at least one weight-related comorbid condition (e.g., hypertension, type 2 diabetes mellitus, or dyslipidemia)
- Dose escalation schedule: Medication is to be tritrated up with a starting dose of .25mg every week for 4 weeks and increased .25mg every 4 weeks to the desired effect. Maintenance dose could be as high as 2.5mg weekly
- Medication must be refrigerated and kept cold during transport and storage.
- Wegovy/Semaglutide might not be right for you, consultation with a Doctor/Nurse Practitioner is required and continued consultations will be necessary
- Wegovy/Semaglutide is a safe, doctor-prescribed GLP-1 medication.
- Wegovy/Semaglutide mimics the effect of "feeling full" resulting in a Decreased Caloric Intake.
- Wegovy/Semaglutide will Delay Gastric Emptying by reducing glucagon secretion in a glucose-dependent manner.
- The Delay in Gastric Emptying can Reduce Appetite, Improve Control of Eating, and Reduce Food Cravings.
- You will Experience all the Above Benefits as the Dose of Wegovy/Semaglutide increases each month.
- Wegovy/Semaglutide cannot be prescribed to anyone with the following and should not be purchased:

41.     Defendant's labels, advertising and promotional materials are false and misleading, suggesting and/or stating an association with Plaintiff's FDA-approved Wegovy® products, when no such association exists.

42. There is no need for Defendant to use the Wegovy® trademark to advertise or promote its Unapproved Compounded Drugs purporting to contain "semaglutide," other than to trade upon the reputation of Plaintiffs and to create confusion in the marketplace and/or mislead the public regarding the origin, identity or source of Defendant's Unapproved Compounded Drugs.

43. Defendant's unauthorized use of the Wegovy® trademark is likely to cause confusion, to cause mistake, or to deceive, and infringes Plaintiffs' established exclusive rights in that trademark.

44. Upon information and belief, unless enjoined by this Court, Defendant will continue to use the Wegovy® mark and/or otherwise falsely advertise its products as associated with or being Wegovy®, all in violation of Plaintiffs' rights.

## FIRST CAUSE OF ACTION

### (Trademark Infringement in Violation of 15 U.S.C. § 1114(1))

45. Plaintiff NNAS realleges and incorporates by reference each of the allegations contained in paragraphs 1-44 of this Complaint as though fully set forth here.

46. Plaintiff NNAS's Wegovy® mark is an inherently distinctive, strong, valid, and protectable trademark owned by Plaintiff NNAS.

47. Plaintiff NNAS's trademark registration for its Wegovy® mark constitutes *prima facie* evidence of the validity of the mark, of Plaintiff NNAS's registration and ownership of the mark, and of Plaintiff NNAS's exclusive right to use the mark in commerce on or in connection with the goods identified in the registrations.

48. By virtue of its prior use and registration, Plaintiff NNAS has priority over Defendant with respect to the use of the Wegovy® mark for pharmaceutical preparations sold in the United States.

49. Defendant uses the Wegovy® mark in connection with the sale, advertising, and promotion of Unapproved Compounded Drugs purporting to contain semaglutide.

50. Defendant's use in commerce of the Wegovy® mark is likely to cause confusion, to cause mistake, or to deceive with respect to Plaintiff NNAS's identical mark.

51. The above-described acts of Defendant constitute infringement of a registered trademark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), entitling Plaintiff NNAS to relief.

52. Defendant has unfairly profited from its trademark infringement.

53. By reason of Defendant's acts of trademark infringement, Plaintiff NNAS has suffered damage to the goodwill associated with its mark.

54. Defendant's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff NNAS, its federally registered trademark and the valuable goodwill associated with that trademark.

55. Defendant's acts of trademark infringement have irreparably harmed, and if not enjoined, will continue to irreparably harm the interests of the public in being free from confusion, mistake, and deception.

56. By reason of Defendant's acts, Plaintiff NNAS's remedies at law are not adequate to compensate for the injuries inflicted by Defendant. Accordingly, Plaintiff NNAS is entitled to entry of preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

57. By reason of Defendant's willful acts of trademark infringement, Plaintiff NNAS is entitled to treble damages under 15 U.S.C. § 1117.

58. This is an exceptional case, making Plaintiff NNAS eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

**(Trademark Infringement, Use of False Designation of Origin and
Unfair Competition in Violation of 15 U.S.C. § 1125(a)(1)(A))**

59. Plaintiffs reallege and incorporate by reference each of the allegations contained in paragraphs 1-44 of this Complaint as though fully set forth here.

60. Defendant uses the Wegovy® mark in commerce in connection with Defendant's goods and services and in commercial advertising and promotion of its goods and services.

61. Defendant uses the Wegovy® mark in commerce in a manner that is likely to cause confusion, or to cause mistake, or to deceive the relevant public into believing that Defendant's goods or services are authorized, sponsored, approved by, or otherwise affiliated with Plaintiffs, with Plaintiffs' genuine Wegovy® products, and/or with the Wegovy® mark.

62. The above-described acts of Defendant constitute infringement of the Wegovy® mark and use of false designations of origin in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), entitling Plaintiffs to relief.

63. Defendant has unfairly profited from the actions alleged.

64. By reason of the above-described acts of Defendant, Plaintiffs have suffered damage to the goodwill associated with the Wegovy® trademark.

65. The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs, the Wegovy® trademark, and the valuable goodwill associated with the trademark.

66. The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm the interest of the public in being free from confusion, mistake, and deception.

67. By reason of Defendant's acts, Plaintiffs' remedies at law are not adequate to compensate for the injuries inflicted by Defendant. Accordingly, Plaintiffs are entitled to entry of preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

68. Because the above-described acts of Defendant are willful, Plaintiffs are entitled to treble damages under 15 U.S.C. § 1117.

69. This is an exceptional case, making Plaintiffs eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

### THIRD CAUSE OF ACTION

**(Defendant's False and Misleading Advertising and Promotion in Violation of 15 U.S.C. § 1125(a)(1)(B))**

70. Plaintiffs reallege and incorporate by reference each of the allegations contained in paragraphs 1-44 of this Complaint as though fully set forth here.

71. Defendant's practices, as described in this Complaint, constitute unfair competition and false advertising in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

72. Defendant has violated the Lanham Act by using false or misleading descriptions of fact and false or misleading representations of fact in its commercial advertising or promotion that misrepresent the nature, characteristics, and/or qualities of Defendant's business practices and products, as set forth above.

73. Defendant has also engaged in other false or misleading advertising and promotion intended to assure consumers that Defendant's practices are lawful. Upon information and belief, CLP Med Spa provides consumers who purchase Defendant's Unapproved Compounded Drugs (or whom Defendant is trying to persuade to purchase its drugs) information that makes several false or misleading statements, including:

74. Defendant's Groupon offer, under the heading "About Wegovy/Semaglutide:" includes ten bullet points, many of which are false as to Defendant's Unapproved Compounded Drug. Defendant's Groupon offer reads that its Unapproved Compounded Drug is: "Indicated for anyone who wishes to lose weight." This is literally false because Defendant's Unapproved Compounded Drug is not FDA approved.

75. Defendant's Groupon offer also reads: "Wegovy/Semaglutide is a safe, doctor-prescribed GLP-1 medication." This is also false as to Defendant's Unapproved Compounded Drug, which has never been subject to a clinical trial as to its safety. Defendant's bullet points are likely to mislead readers into believing that Defendant is selling Wegovy® and not its Unapproved Compounded Drug.

76. The above-described acts of Defendant, if not enjoined by this Court, are likely to deceive members of the general public.

77. The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs.

78. The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm the interest of the public in being free from confusion, mistake, and deception.

79. By reason of Defendant's acts as alleged above, Plaintiffs have suffered and will continue to suffer injuries, including injury to Plaintiffs' business reputation. However, Plaintiffs' remedies at law are not adequate to compensate for all the injuries inflicted by Defendant. Accordingly, Plaintiffs are entitled to entry of preliminary and permanent injunctive relief requiring Defendant to cease its false and misleading advertising and promotion and unfair competitive practices.

## FOURTH CAUSE OF ACTION

### (Common Law Unfair Competition)

80.  Plaintiffs reallege and incorporate by reference each of the allegations contained in paragraphs 1-44 of this Complaint as though fully set forth here.

81.  The above-described acts of Defendant constitute common law unfair competition.

82.  The above-described acts of Defendant unfairly and wrongfully exploit Plaintiffs' trademark, goodwill and reputation.

83.  By reason of the above-described acts of Defendant, Plaintiffs have suffered damage to the goodwill associated with the Wegovy® trademark.

84.  The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs and the Wegovy® trademark.

85.  The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm the interest of the public in being free from confusion, mistake, and deception.

86.  By reason of Defendant's acts, Plaintiffs' remedies at law are not adequate to compensate for the injuries inflicted by Defendant.  Accordingly, Plaintiffs are entitled to entry of preliminary and permanent injunctive relief, in addition to monetary relief in the form of disgorgement of Defendant's profits, and corrective advertising costs.

## FIFTH CAUSE OF ACTION

### (Violation of § 502.201, et seq., Florida Statutes)

87.  Plaintiffs reallege and incorporate by reference each of the allegations contained in paragraphs 1-44 of this Complaint as though fully set forth here.

88.  The above-described acts of Defendant constitute unfair methods of competition, and/or unconscionable, deceptive, or unfair acts or practices in violation of the laws of the State of

Florida, including Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), section 502.201, et seq., Florida Statutes.

89. FDUTPA is designed "[t]o protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair trade practices in the conduct of any trade or commerce."

90. The above-described acts of Defendant are made in the conduct of Defendant's business, trade or commerce.

91. The above-described acts of Defendant wrongfully exploit Plaintiffs' trademark in a manner likely to deceive the public and mislead reasonable consumers.

92. The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs and the trademark.

93. The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm the interest of the public in being free from confusion, mistake, and deception.

94. Members of the public are also likely to suffer injury from the above-described acts of Defendant by purchasing a drug that they believe to be Plaintiff's FDA-approved product, Wegovy®, not an Unapproved Compounded Drug that does not have the same safety, quality, and effectiveness assurances as approved drugs.

95. By reason of the above-described acts of Defendant, Plaintiffs have suffered damage to the goodwill associated with its trademark.

96. Defendant has unfairly profited from the actions alleged.

97. By reason of Defendant's acts, Plaintiffs' remedy at law is not adequate to compensate for the injuries inflicted by Defendant. Accordingly, Plaintiffs are entitled to entry of

preliminary and permanent injunctive relief, in addition to monetary relief in the form of disgorgement of Defendant's profits, and corrective advertising costs.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request judgment against Defendant as follows:

1. That the Court enter a judgment against Defendant that Defendant has:

   a. Infringed the rights of Plaintiff NNAS in its federally registered Wegovy® mark, in violation of 15 U.S.C. § 1114(1);

   b. Infringed the rights of Plaintiffs in the Wegovy® mark and engaged in unfair competition, in violation of 15 U.S.C. § 1125(a);

   c. Engaged in false and misleading advertising and promotion, in violation of 15 U.S.C. § 1125(a);

   d. Engaged in unfair competition under the common law of Florida and the Florida Deceptive and Unfair Trade Practices Act.

2. That each of the above acts was willful.

3. That the Court preliminarily and permanently enjoin and restrain Defendant and its agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, from:

   a. Using the trademark Wegovy®, or any marks, names or designations confusingly similar to it, in connection with the advertising, promoting, marketing, selling or offering for sale of any goods or services (including, but not limited to, Unapproved Compounded Drugs) or otherwise engaging in any activity that is likely to cause confusion, cause mistake or deceive or otherwise infringes any rights of Plaintiffs in and to the Wegovy® mark or any similar marks;

  b. Falsely stating or suggesting that any Unapproved Compounded Drugs are genuine Wegovy® products, that Defendant is associated or connected in any way with Plaintiffs or Plaintiffs' products, or that Defendant's Unapproved Compounded Drugs are approved by the FDA;

  c. Falsely stating or suggesting that Defendant's Unapproved Compounded Drugs have been proven to achieve certain therapeutic results or effects;

  d. Engaging in any unfair competition with Plaintiffs; and/or

  e. Engaging in any deceptive acts or practices.

4. Requiring Defendant, its agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, to engage in corrective advertising by informing consumers that Defendant is not and never has been authorized, affiliated, sponsored, approved, or related to Plaintiffs or genuine Wegovy® products and that Defendant's Unapproved Compounded Drugs are not and have never been genuine Wegovy® products or approved by the FDA.

5. That Plaintiffs be awarded monetary relief in the form of disgorgement of Defendant's profits for Defendant's trademark infringement, false advertising and unfair competition and that this monetary relief be trebled due to Defendant's willfulness, in accordance with the provisions of 15 U.S.C. § 1117 and any applicable state laws.

6. That Plaintiffs be awarded all Defendant's profits resulting from Defendant's infringement of Plaintiffs' rights and by means of Defendant's unfair competition.

7. That Defendant be ordered to account for and disgorge to Plaintiffs all amounts by which Defendant has been unjustly enriched by reason of Defendant's unlawful actions.

8. That Plaintiffs be awarded punitive damages by reason of Defendant's willful unlawful actions.

9. For pre-judgment and post-judgment interest on all damages.

10. That the Court award Plaintiffs their reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, the Florida Deceptive and Unfair Trade Practices Act, and any other applicable provision of law.

11. That the Court award Plaintiffs the costs of suit incurred herein.

12. For such other or further relief as the Court may deem just and proper.

DATED:  June 20, 2023              Respectfully submitted,

By:   /s/ W. Randall Bassett
W. Randall Bassett
Florida Bar No. 0038813
**King & Spalding LLP**
Southeast Financial Center
200 S Biscayne Boulevard, Suite 4700
Miami, FL 33131
(305) 462-6011
rbassett@kslaw.com

Aaron S. Craig
*(Pro hac vice application forthcoming)*
Joseph N. Akrotirianakis
*(Pro hac vice application forthcoming)*
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
(213) 443-4355
acraig@kslaw.com
jakro@kslaw.com

Bruce W. Baber
*(Pro hac vice application forthcoming)*
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309-3521
(404) 572-4600
bbaber@kslaw.com

*Attorneys for Plaintiffs*
*NOVO NORDISK A/S and*
*NOVO NORDISK INC.*