# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-22256-BLOOM/Torres

NOVO NORDISK A/S and
NOVO NORDISK INC.,

    Plaintiffs,

v.

EKZOTIKA CORP d/b/a COSMETIC
LASER PROFESSIONALS MED SPA,

    Defendant.
_____/

## FINAL JUDGMENT AND PERMANENT INJUNCTION

**THIS CAUSE** is before the Court on the parties' Joint Motion for Entry of Judgment and Entry of Permanent Injunction, ECF No. [38] ("Joint Motion"). The parties' Joint Motion provides that they have agreed to settle and resolve this matter without further formal proceedings and have consented to the entry of this Final Judgment in connection with such resolution of this action.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and has jurisdiction over Defendant Ekzotika Corporation ("Defendant"). Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

2. Plaintiffs Novo Nordisk A/S and Novo Nordisk Inc.'s ("Plaintiffs") Complaint states causes of action against Defendant for trademark infringement, false advertising, and unfair competition in violation of sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), common law, and § 502.201, et seq., Florida Statutes.

3. Plaintiffs have adopted and used, and have valid and enforceable rights in and to, the trademarks OZEMPIC, WEGOVY, and RYBELSUS (the "Novo Nordisk Marks") for pharmaceutical products.

4. The federal trademark registrations of Plaintiffs for the Novo Nordisk Marks identified below are valid, subsisting, and enforceable:

| Mark | Reg. No. | Issue Date | Goods |
|---|---|---|---|
| OZEMPIC | 4,774,881 | July 21, 2015 | Pharmaceutical preparations (class 5) |
| WEGOVY | 6,585,492 | December 14, 2021 | Pharmaceutical preparations (class 5) |
| wegovy | 6,763,029 | June 21, 2022 | Pharmaceutical preparations (class 5) |
| RYBELSUS | 5,682,853 | February 26, 2019 | Pharmaceutical preparations (class 5) |

5. Without the consent of Plaintiffs, Defendant has used one or more of the Novo Nordisk Marks in connection with the sale, marketing, promotion, and offering of compounded drug products purporting to contain semaglutide that have not been approved by the U.S. Food & Drug Administration (the "FDA") and are not genuine Novo Nordisk FDA-approved, semaglutide-based medicines ("Unapproved Compounded Drugs").

6. Without the consent of Plaintiffs, Defendant has engaged in advertising, marketing, and/or promotion that falsely suggests that: (i) the Unapproved Compounded Drugs offered and sold by Defendant are genuine Novo Nordisk, semaglutide-based medicines; and (ii) Defendant and/or its Unapproved Compounded Drugs are sponsored by, associated with, or affiliated with Novo Nordisk and/or Novo Nordisk's FDA-approved, semaglutide-based medicines.

7. Defendant's actions as described above are likely to cause confusion, infringe Plaintiffs' rights in the Novo Nordisk Marks, and violate Novo Nordisk's rights under the Lanham Act and state law.

8. Defendant, its officers, directors, shareholders, owners, agents, servants, employees, and attorneys, and all those in active concert or participation with them, are hereby **PERMANENTLY ENJOINED** from:

(a) using the Novo Nordisk Marks in any manner, including but not limited to (i) use in any manner that is likely to cause confusion or mistake, to deceive, or otherwise infringe Plaintiffs' rights in the Novo Nordisk Marks in any way, or (ii) use in connection with the advertising, marketing, sale, or promotion of any Unapproved Compounded Drugs; and,

(b) advertising, stating, or suggesting that any Unapproved Compounded Drugs, including but not limited to any Unapproved Compounded Drugs that either are available, directly or indirectly, from or through Defendant or the use of which or access to which is facilitated by, or with the involvement of, Defendant:

(1) are, or contain, genuine or authentic Novo Nordisk OZEMPIC, WEGOVY, or RYBELSUS medicines;

(2) are sponsored by or associated with Novo Nordisk;

(3) are approved by the FDA; have been reviewed by the FDA for safety, effectiveness, or quality; or have been demonstrated to the FDA to be safe or effective for their intended use;

(4) achieve or have been shown or proven to achieve certain therapeutic results, effects, or outcomes, including but not limited to by relying on or making reference to clinical trial results for Novo Nordisk's medicines;

(5) achieve or have been shown or proven to achieve therapeutic results, effects, or outcomes similar or identical to Novo Nordisk's medicines and/or are interchangeable with or equivalent to genuine Novo Nordisk medicines;

(6) are associated or connected in any way with Novo Nordisk or Novo Nordisk's medicines; or

(7) contain any ingredient (including but not limited to semaglutide) that is supplied by Novo Nordisk, is approved by the FDA, or is the same as any ingredient in any Novo Nordisk medicine.

9. **IT IS FURTHER ORDERED** that, for a period of twelve (12) months from the date of entry of this Final Judgment, Defendant shall conspicuously and prominently disclose in any materials for any Unapproved Compounded Drugs, including but not limited to all advertising, marketing, and promotional materials, that: (a) the Unapproved Compounded Drugs are compounded drugs that have not been approved by the FDA; have not been reviewed by the FDA for safety, effectiveness, or quality; and have not been demonstrated to the FDA to be safe or effective for their intended use; (b) the processes by which the compounded drugs are manufactured have not been reviewed by the FDA; and (c) FDA-approved products containing semaglutide are available.

10. The parties having agreed to a confidential settlement agreement that resolves Novo Nordisk's claims. No award is included in this Final Judgment.

11. Judgment is hereby entered in favor of Plaintiffs as set forth above.

12. In accordance with the Lanham Act, 15 U.S.C. § 1116, the Clerk of Court shall notify the Director of the Patent and Trademark Office of the entry of this Final Judgment, who shall enter it on the records of the Patent and Trademark Office.

13. This Final Judgment shall be deemed to have been served on Defendant, its officers, directors, shareholders, owners, agents, servants, employees, and attorneys, and all those in active concert or participation with them as of the date of entry hereof by the Court.

14. The above-styled case is **DISMISSED WITHOUT PREJUDICE**;

15. The Court shall retain jurisdiction for the sole purpose of enforcing the parties' settlement agreement and this Final Judgment;

16. To the extent not otherwise disposed of, all pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**;

17. The Clerk of Court is directed to **ADMINISTRATIVELY CLOSE** this case.

Case No. 23-cv-22256-BLOOM/Torres

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 5, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record